# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LaFace, LLC, <br><br>     Plaintiff, <br><br> v. <br><br>Pacific Indemnity Insurance, Co., <br><br>     Defendant. | Case No. 2:23-cv-01355-APG-BNW <br><br>**ORDER** |

  Plaintiff filed its complaint in state court on August 8, 2023. On August 30, 2023, Defendant Pacific Indemnity Insurance Company filed Notice of Removal. (ECF No. 1). Plaintiff LaFace, LLC's complaint alleges that it is co-owned by LaCara Washington. LaCara Washington signed the complaint and was listed as a representative for LaFace, LLC. No attorney has appeared in this action for LaFace, LLC.

  "While a non-attorney may appear pro se on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.' " *Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (quoting *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)). A corporation or other artificial entity, such as a limited liability company ("LLC"), must be represented by licensed counsel. *See, e.g.*, *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-202 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in federal courts only through licensed counsel.... [T]hat rule applies equally to all artificial entities"); *Licht v. Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney").

  Because LaFace is an LLC, Washington cannot represent it in court. Rather, LaFace must obtain counsel if it wishes to prosecute this action. *See* Local Rule IA 11-1 (setting forth the requirements for admission to practice in this court). Accordingly, LaFace, LLC shall associate

counsel within thirty (30) days of the entry of this order. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

DATED: September 1, 2023.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE